UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOPETON FRANCIS,

        Plaintiff,

-against-

CITY OF NEW YORK; CORRECTION OFFICER EQUATIE,

        Defendants.

18-CV-6546 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

By order dated March 20, 2019, the Court dismissed this *pro se* action but granted Plaintiff leave to replead his claims under 42 U.S.C. § 1983 that officials retaliated against him for exercising his rights under the First Amendment. The Court specifically dismissed Plaintiff's § 1983 claims against the City of New York and his § 1983 procedural due process claims against Correction Officer Equatie for failure to state a claim on which relief may be granted. (ECF No. 6, at 4-6.) But the Court granted "Plaintiff leave to replead his First Amendment retaliation claims under § 1983 in an amended complaint in which he names as defendants those [New York City Department of Correction ("DOC")] officials that retaliated against him and alleges sufficient facts to state such claims." (*Id.* at 7.)

On April 11, 2019, the Court received Plaintiff's amended complaint.[1] (ECF No. 7.) In the amended complaint, Plaintiff asserts claims of violations of his federal constitutional rights as

---

[1] Plaintiff filed his original complaint while he was held in the Robert N. Davoren Center on Rikers Island. On February 27, 2019, the Court granted Plaintiff permission to proceed *in forma pauperis*. The Court has learned that Plaintiff is currently in the custody of the New York State Department of Corrections and Community Supervision in the Willard Drug Treatment Campus. Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

well as additional claims. He names the City of New York and Correction Officer Equatie as defendants, and he seeks damages. The Court construes Plaintiff's amended complaint as asserting claims that the defendants violated Plaintiff's federal constitutional rights under 42 U.S.C. § 1983, as well as claims under state law. For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**A.     Claims under 42 U.S.C. § 1983**

In its March 20, 2019 order, the Court dismissed Plaintiff's claims under 42 U.S.C. § 1983 against the City of New York and Correction Officer Equatie. (ECF No. 6, at 4-6.) And while it granted Plaintiff leave to replead, it limited that leave to allowing Plaintiff to assert in an amended complaint only claims under § 1983 in which he named individual DOC officials as defendants and alleged sufficient facts to state claims that those individuals retaliated against him for exercising his First Amendment rights. (*Id.* at 7.)

In filing his amended complaint, however, Plaintiff has failed to comply with the Court's order. In his amended complaint, Plaintiff merely asserts the same § 1983 claims against the City of New York and Correction Officer Equatie that he raised in his original complaint and that the Court dismissed in its previous order. And Plaintiff fails to name as defendants any individuals who retaliated against him for exercising his First Amendment rights or allege sufficient facts to state a § 1983 First Amendment retaliation claim. In its previous order, the Court warned Plaintiff that if he failed to comply with the Court's order, the Court would dismiss this action for failure to state a claim on which relief may be granted. (*Id.* at 8.) Accordingly, for the reasons articulated in the Court's March 20, 2019 order, and because Plaintiff has failed to comply with that order, the Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      State-law claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction . . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

**C. Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects. But leave to amend is not required where leave to amend has been previously granted and granting it again would be futile. *See Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured in a second amended complaint, the Court declines to grant Plaintiff leave to amend again.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses this action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is also directed to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: May 3, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge